UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DITECH FINANCIAL LLC, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>CLEARWATER COVE HOMEOWNERS ASSOCIATION, a Nevada non-profit corporation; SATICOY BAY LLC SERIES 8891 SANIBEL SHORE AVENUE, a Nevada corporation; RED ROCK FINANCIAL SERVICES, a Nevada corporation,<br><br>Defendants. | Case No. 2:18-cv-00250-RFB-PAL<br><br>**ORDER**<br><br>Plaintiff's Amended Motion for Temporary Restraining Order (ECF No. 8) and Plaintiff's Emergency Motion for Preliminary Injunction (ECF No. 10) |

Before the Court is Plaintiff Ditech Financial LLC ("Plaintiff")'s Amended Motion for Temporary Restraining Order ("TRO") (ECF No. 8), and Plaintiff's Emergency Motion for Preliminary Injunction (ECF No. 10). For the reasons stated below, the Court GRANTS Plaintiff's Motion for TRO and defers ruling on Plaintiff's Motion for Preliminary Injunction.

**I.　BACKGROUND**

Plaintiff filed its Complaint on February 9, 2018, asserting claims for declaratory relief, quiet title, equitable tolling, and in the alternative, statutory breach against Defendants. (ECF No. 1). The same day, Plaintiff filed a Motion for TRO. (ECF No. 3). Plaintiff subsequently filed an Amended Motion for TRO on February 12, 2018 (ECF No. 8). In the Motion for TRO, Plaintiff requests that the Court prohibit Defendants, severally and jointly, from ceasing and/or thwarting

redemption efforts under Nevada Revised Statute § 116.31166 and recording a deed in favor of Saticoy Bay LLC 8891 Sanibel Shore Avenue ("Saticoy Bay") against the real property commonly known as 8891 Sanibel Shore Ave., Las Vegas, Nevada 89147 bearing the APN 163-17-719-059 ("the Subject Property"). Plaintiff requests that, once a preliminary injunction hearing is held, the preliminary injunction remain intact until the Court can properly determine title rights to the Subject Property.

Plaintiff also filed an Emergency Motion for Preliminary Injunction. (ECF No. 10). In the Motion, Plaintiff argues that the injunction should issue because NRS § 116.31166(3) may be tolled to avoid harsh and unfair consequences. Plaintiff additionally contends that an injunction should issue because Plaintiff has a reasonable probability of success on the merits due to the Nevada Supreme Court's decision in Facklam v. HSBC Bank, USA, 133 Nev. Adv. Op. 65 (Sept. 14, 2017). As in the Motion for TRO, Plaintiff argues that it faces irreparable harm and that damages are an inadequate remedy, while the risk to Defendants if the preliminary injunction is granted is minimal because Defendants do not face immediate loss of property or of monetary value. Plaintiff also requests a nominal bond.

**II.     LEGAL STANDARD**

A temporary restraining order may be issued without notice to the adverse party only if the moving party: (1) provides a sworn statement clearly demonstrating "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and (2) sets forth the efforts made to notify the opposing party and why notice should not be required. Fed. R. Civ. P. 65(b)(1). TROs issued without notice "are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." Reno Air Racing Ass'n v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting Granny Goose Foods, Inc. v. Bhd. of Teamsters, 415 U.S. 423, 439 (1974)). The analysis for a temporary restraining order is "substantially identical" to that of a

preliminary injunction. Stuhlbarg Intern. Sales Co, Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). To obtain a preliminary injunction, a plaintiff must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in its favor, and (4) that the public interest favors an injunction." Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d 1069, 1071 (9th Cir. 2014), as amended (Mar. 11, 2014) (citing Winter, 555 U.S. 7, 20 (2008)). A preliminary injunction may also issue under the "serious questions" test. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134 (9th Cir. 2011) (affirming the continued viability of this doctrine post-Winter). According to this test, a plaintiff can obtain a preliminary injunction by demonstrating "that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," in addition to the other Winter elements. Id. at 1134-35 (citation omitted).

### III. DISCUSSION

The Court finds that the requirements for issuing a TRO without notice are satisfied. Plaintiff alleges that irreparable injury may occur before Defendants can be heard in opposition, as Defendants may record a deed to transfer title of the property to Saticoy Bay as early as February 13, 2018. Plaintiff states that the following efforts to give notice were made: (1) Plaintiff electronically noticed the Motion for TRO to all Defendants and counsel for Defendants, if known, on February 9, 2018, and (2) Plaintiff served the Complaint, Summons, Amended Motion for TRO and Motion for Preliminary Injunction were sent with Plaintiff's counsel's runners service on February 12, 2018 at 12:00pm. Plaintiff argues, however, that notice should not be required because the Defendants are not immediately prejudiced nor harmed by the issuances of the TRO.

The Court also finds that the four Winter factors are present. Plaintiff has established a likelihood of success on its quiet title, equitable tolling, and statutory breach claims, as Plaintiff

alleges that it would be able to exercise its right of redemption if Defendant Saticoy Bay provided the redemption amount specified in Nevada Revised Statute ("NRS") § 116.31166(3). Plaintiff has also established irreparable injury, as the 60-day period allotted under NRS § 116.31166 for redemption of a property that is purportedly foreclosed upon will lapse on February 13, 2018, and Plaintiff's lien may be extinguished if title transfers to Saticoy Bay. While Plaintiff does not explicitly argue the balance of equities and public interest factors, the Court finds both factors are established. The most serious potential injury for Plaintiff would be the loss of its interest, while requiring Saticoy Bay to not take any further action would only maintain the status quo. Further, the public interest favors Plaintiff, in that the public has an interest in upholding the statutory right of redemption afforded under NRS § 116.31166(3).

### IV. CONCLUSION

IT IS THEREFORE ORDERED that the Motion for Temporary Restraining Order (ECF No. 3) and the Amended Motion for Temporary Restraining Order (ECF No. 8) are GRANTED. Defendants are enjoined from taking any further action to record a deed transferring title to Saticoy Bay, or to cease Plaintiff's efforts to redeem the Subject Property, until a hearing is held on the request for preliminary injunction.

IT IS FURTHER ORDERED that this Order shall become effective upon the payment of $500.00 security by the Plaintiff.

IT IS FURTHER ORDERED that a ruling on the Emergency Motion for Preliminary Injunction (ECF No. 10) is DEFFERED until the matter is heard before the Court.

IT IS FURTHER ORDERED that Defendants file Responses to Plaintiff's Motions by Tuesday, February 20, 2018.

IT IS FURTHER ORDERED that Plaintiff shall serve a copy of this Order on Defendants.

DATED this 13th day of February, 2018.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**